IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KIRY HAKEEM NALLS,<br>Reg. No. 65274-380,<br>　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-19-CV-203-PRM<br>EP-13-CR-1558-PRM-1 |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Movant Kiry Hakeem Nalls's [hereinafter "Movant"] "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 160)[1] [hereinafter "§ 2255 Motion"], filed on July 24, 2019, in the above-captioned cause. Therein, Movant challenges the 120-month sentence that the Court imposed after Movant pleaded guilty to knowingly obtaining the labor of another person by force. Specifically, Movant asserts that the recent Supreme Court case *Rehaif v. United States*, 139 S. Ct. 2191 (2019), allows for a new challenge to his sentence. After due consideration, the

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-13-CR-1558-PRM-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Court is of the opinion that the § 2255 Motion should be denied, for the reasons that follow. Additionally, the Court is of the opinion that Movant should be denied a certificate of appealability.

I. BACKGROUND AND PROCEDURAL HISTORY

On January 30, 2014, Movant pleaded guilty, pursuant to a Plea Agreement, to an information charging him with knowingly obtaining the labor of another person by force, in violation of 18 U.S.C. § 1589(a). Minute Entry, Jan. 30, 2014, ECF No. 74.

Movant agreed "that the facts set out in the . . . factual basis" attached to the Plea Agreement were "true and correct." Plea Agreement 4, Jan. 29, 2014, ECF No. 72. According to the factual basis, in January of 2013, Movant met a twenty-two-year-old woman named J.C. on Facebook. *See id.* at 5–6. At the time they met, J.C. was living in Las Cruces, New Mexico. In February of 2013, Movant convinced J.C. to move from Las Cruces and stay with him in a motel room in El Paso, Texas. After a few days together, Movant obtained J.C.'s consent to prostitute herself for a short period of time in order to make money for food, drugs, and rent. Movant posted advertisements on the internet to find clients for J.C. When J.C. told Movant that she no longer wanted to prostitute herself,

2

Movant threatened her and forced her to continue to meet with customers and perform sex acts.

On March 3, 2013, J.C. escaped from the motel room. She asked for help, but no one assisted her. Eventually, J.C. hid behind a bush, but Movant found her and pulled her by the hair into a vehicle driven by a codefendant. While in the vehicle, J.C. was repeatedly beaten by Movant as the codefendant drove them into the desert. "Two firearms were in the vehicle during the incident." *Id.* at 6. On the way back to the motel, J.C. overheard the codefendant suggest that they hide the firearms at his mother's house. Additionally, J.C. saw the codefendant "place the guns on the side of the house." *Id.* Meanwhile, local police officers had been alerted and were waiting at the motel. They arrested Movant and the codefendant when the two returned.

The probation officer who prepared Movant's Presentence Investigation Report ("PSR") determined that the base offense level in Sentencing Guideline § 2H4.1(a)(1) for a violation of 18 U.S.C. § 1589(a) was 22. PSR ¶ 43, Apr. 9, 2014, ECF No. 100. Furthermore, the probation officer increased the offense level by four levels pursuant to Sentencing Guideline § 2H4.1(b)(2)(A) because "Nalls used one of the guns to hit J.C." *Id.* at ¶ 44. Additionally, the probation officer determined that, because

Movant committed another felony—forcing J.C. into prostitution—in connection with the peonage or involuntary servitude offense, the resulting offense level was forty pursuant to Sentencing Guideline § 2H4.1(b)(4). *Id.* at ¶ 45. Furthermore, the probation officer added two levels pursuant to Sentencing Guideline § 3B1.1(c) because Movant managed and supervised J.C.'s prostitution activities and detained her against her will. *Id.* at ¶ 47. Finally, the probation officer deducted three levels for Movant's acceptance of responsibility. *Id.* at ¶ 50. Accordingly, the probation officer concluded the following:

> Based on a total offense level of 39 and a Criminal History Category of IV, the guideline range for imprisonment is 360 months to life. U.S.S.G. Chapter 5, Part A. However, pursuant to U.S.S.G. § 5G1.1(a), where a statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutory authorized maximum sentence shall be the guideline sentence. As such, the guideline range is 240 months.

*Id.* at ¶ 86.

Additionally, Movant and the Government negotiated a sentencing stipulation. Am. to Plea Agreement, Apr. 9, 2014, ECF No. 98. Under its terms, "the parties agree[d] and stipulate[d] that the cross-reference to other provisions of the sentencing guidelines under U.S.S.G. § 2H4.1(b)(4) should not be applied." *Id.* at 1.

Accordingly, the probation officer re-calculated the sentence without the cross references as follows:

> [T]he Base Offense Level would be 22 pursuant to § 2H1.4(a)(1); plus a two-level increase as the victim sustained serious bodily injury, pursuant to § 2H4.1(a); and plus a four-level increase for use of a firearm, pursuant to § 2H1.4(b)(2), resulting in an adjusted offense level 28, plus two levels upward adjustment for aggravating role and a three-level reduction for acceptance of responsibility. The resulting Total Offense Level would be 27 and a Criminal History Category IV. Therefore, based on a Total Offense Level of 27 and a Criminal History Category of IV, the guideline imprisonment range would be 100 to 125 months.

Addendum to PSR 3, Apr. 9. 2014, ECF No. 100-1.

Movant objected to the assertion in the PSR that he used a gun to hit J.C.:

> Nalls admits that he struck JC numerous times about the head with his hands. Nalls, however, denies that he used a handgun to strike JC. JC first reported the use of a handgun to the FBI on April 16, 2013, but she never mentioned it in her previous statements, to: a) the arresting officers of the El Paso Police Department ("EPPD"); b) in her videotaped statement taken on March 3, 2013 at 10:31 p.m. by EPPD; and 3) in her seven page type-written statement taken on March 3, 2013 at 11:47 p.m. by EPPD.

Def.'s Obj. to PSR 2, Apr. 4, 2014, ECF No. 100-7. "[D]uring an arbitration hearing held on April 7, 2014, defense counsel advised he will pursue an evidentiary hearing to resolve this issue." Addendum to PSR 7.

5

As a result of the stipulation, the Court departed below the original guidelines range and sentenced Movant to 120 months' imprisonment. J. Crim. Case, Apr. 24, 2014, ECF No. 112; Statement of Reasons, Apr. 24, 2014, ECF No. 113. Subsequently, the Court clarified that Movant would serve his federal sentence concurrently with a state-imposed sentence. J. Crim. Case, Dec. 17, 2018, ECF No. 150. Movant did not appeal.

In his instant § 2255 Motion, Movant asserts that he "was improperly enhanced for possessing a gun under 2H4.1(b)(2)(A) even though he did not own, have, or possess a gun." Mot. to Vacate 4, July 24, 2019, ECF No. 160. He argues that in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), "the Court held that in prosecution under 18 U.S.C. [§] 922(g), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of people barred from possessing a firearm." *Id.* at 5. Furthermore, he maintains that he "did not possess a firearm so the enhancement should not apply." *Id.* Accordingly, Movant asks the Court to resentence him without the four-level upward adjustment. *Id.*

## II. APPLICABLE LAW

A court is normally "entitled to presume that the defendant stands fairly and finally convicted" after the defendant has been convicted and

6

exhausted or waived any right to appeal. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). It may, however, consider a defendant's collateral attack on a federal sentence through a § 2255 motion. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). Specifically, a court may grant a defendant relief pursuant to § 2255 for errors which occurred at trial or at sentencing. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

The movant ultimately bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)). A movant must show that: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was more than the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

When a court determines that the movant is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may

appear appropriate." 28 U.S.C. § 2255(b). Thus, a court has "broad and flexible power . . . to fashion an appropriate remedy." *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997)).

A court may, however, deny a § 2255 motion without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing."). Indeed, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See* 28 U.S.C. foll. § 2255 Rule 4(b).

### III. ANALYSIS

In his § 2255 Motion, Movant asserts that his sentence "was improperly enhanced for possessing a gun under 2H4.1(b)(2)(A)." Mot. to Vacate 4, July 24, 2019, ECF No. 160. Specifically, he argues that in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), "the Court held that in

8

prosecution under 18 U.S.C. 922(g), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of people barred from possessing a firearm." *Id.* at 5. Movant maintains that he "did not possess a firearm so the enhancement should not apply." *Id.* Accordingly, he asks the Court to resentence him without the four-level upward adjustment. *Id.*

In *Rehaif*, the Supreme Court examined 18 U.S.C. § 922(g)(5)(A), which makes it unlawful for certain individuals to possess firearms. The Supreme Court held that to convict a defendant for this offense, "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. Justice Breyer's opinion for the majority reversed an Eleventh Circuit's holding that the "knowingly" element applied only to the possession of the firearm. *Id.* at 2194. Thus, the Supreme Court held that the word "knowingly" applied to the "possession element" in the statute, as well as the "status element." *Id.*

Here, Movant was not convicted for a violation of 18 U.S.C. § 922(g); he pleaded guilty to a violation of 18 U.S.C. § 1589(a). Movant's offense level was enhanced by four levels pursuant to Sentencing Guideline § 2H4.1(b)(2)(A) because "Nalls used one of the guns to hit J.C." PSR ¶ 44,

Apr. 9, 2014, ECF No. 100. Movant conceded that "JC . . . reported the use of a handgun to the FBI on April 16, 2013." Def.'s Obj. to PSR 2, Apr. 4, 2007, ECF No. 100-7. Additionally, Movant admitted "[t]wo firearms were in the vehicle during the incident." Plea Agreement 6, Jan. 29, 2014, ECF No. 72. Accepting what J.C. claimed and Movant admitted were true, it was reasonable to conclude that Movant knowingly possessed a weapon during the offense and Sentencing Guideline § 2H4.1(b)(2)(A) applied when calculating a sentence. Therefore, *Rehaif* did not, as Movant suggests, allow him to make a new challenge to his sentence.

Moreover, Movant objected before his sentencing to the assertion in the PSR that he used a gun to hit J.C. Def.'s Obj. to PSR 2. Hence, the Court resolved the factual issue concerning Movant's use of a gun at the time of his sentencing. Furthermore, Movant did not appeal.

A § 2255 motion is not a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a movant must either (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error; or (2) show that he is "actually innocent" of the crime for which he was convicted. *United*

States v. Torres, 163 F.3d 909, 911 (5th Cir. 1999). The cause-and-actual-prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id.*

"A mere possibility of prejudice will not satisfy the actual prejudice prong of the cause and prejudice test," and a movant must instead "'shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Shaid*, 937 F.2d at 231 (quoting *Frady*, 456 U.S. at 170).

If the movant does not demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, then he is procedurally barred from attacking his sentence. *United States v. Drobny*, 955 F.2d 990, 994–95 (5th Cir. 1992).

"[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray*, 477 U.S. at 496. To establish actual innocence, a petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327–328 (1995) (citations and quotation marks omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, Movant has not alleged or shown that some objective factor prevented him from timely raising his claims concerning the calculation of his sentence at his sentencing hearing or in a direct appeal. Additionally, he has not alleged or shown that the factual basis for his claims was not available at the time of his sentencing. In fact, Movant objected to the assertion that he used a gun to hit J.C. in the PSR. Def.'s

Obj. to PSR 2. Furthermore, Movant has not alleged or shown that the purported sentencing error infected his entire criminal proceeding with error of constitutional dimension. Thus, he has not shown cause for failing to raise his claim in a direct appeal, and he has not shown actual prejudice resulting from the alleged error. Additionally, Movant has not asserted that he is actually innocent of obtaining the labor of another person by force. Indeed, the evidence against Movant is overwhelming. Therefore, the Court determines that Movant is procedurally barred from pursuing his claim in a § 2255 motion.

Furthermore, the Court notes that claims concerning a district court's application of the Sentencing Guidelines are not cognizable pursuant to § 2255. *See United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (holding defendant's claim that district court erred in making upward departure pursuant to Sentencing Guidelines could not be considered in § 2255 proceeding); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."). This is because the claims "could . . . have been raised on direct appeal." *Gaudet*, 81 F.3d at 589. Additionally, "[a] district court's technical application of the [Sentencing] Guidelines does not rise to

13

a constitutional issue." *United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996); *see also United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) ("Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.").

Accordingly, Movant is not entitled to § 2255 relief on his claim.

## IV. CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In cases where a district court rejects a movant's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of

appealability determination in the context of § 2255 proceedings). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.*

Here, Movant's § 2255 motion fails because he has not identified a transgression of his constitutional rights or alleged an injury that he could not have raised on direct appeal that would, if condoned, result in a complete miscarriage of justice. Additionally, reasonable jurists could not debate the Court's reasoning for the denial of Movant's § 2255 claims on substantive or procedural grounds—or find that his issues deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack*, 529 U.S. at 484). Consequently, the Court will not issue a certificate of appealability.

## V. CONCLUSION AND ORDERS

In sum, the Court concludes that it plainly appears from the § 2255 Motion and the record of prior proceedings that Movant is not entitled § 2255 relief. 28 U.S.C. § 2255(b); *Drummond*, 910 F.2d at 285. Furthermore, the Court concludes that Movant is not entitled to a

certificate of appealability. Therefore, the Court determines that it must dismiss the § 2255 Motion and direct the Clerk to notify Movant. *See* 28 U.S.C. foll. § 2255 Rule 4(b).

Accordingly, **IT IS ORDERED** that Movant Kiry Hakeem Nalls's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 160) is **DENIED**, and civil cause EP-19-CV-203-PRM is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Movant Kiry Hakeem Nalls is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that the District Clerk shall provide a copy of this Memorandum Opinion and Order to Movant Kiry Hakeem Nalls.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this ___2___ day of August, 2019.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE